IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

VERA BASARGIN,                                    )
                                                  )
                                                  )
                              Plaintiff,          )
                                                  )
            vs.                                   )
                                                  )
STATE FARM MUTUAL AUTOMOBILE                      )
INSURANCE COMPANY, an Illinois                    )
corporation,                                      )
                                                  )          No. 3:16-cv-00041-HRH
                              Defendant.          )
_____ )

<u>O R D E R</u>

<u>Motion for Award of Attorneys' Fees</u>

Defendant moves for an award of attorneys' fees.[1]  This motion is opposed.[2]  Oral

argument was not requested and is not deemed necessary.

<u>Background</u>

Plaintiff Vera Basargin brought UIM and bad faith claims against defendant State

Farm Mutual Automobile Insurance Company.  On January 25, 2018, a jury awarded plaintiff

---

[1]Docket No. 137.

[2]Docket No. 142.

$85,428.70 on her UIM claim.[3]  This amount was less than plaintiff had already recovered from other insurance; thus, with the agreement of counsel, plaintiff's bad faith claims were dismissed with prejudice.[4]  On February 14, 2018, final judgment was entered dismissing plaintiff's UIM claim with prejudice.[5]

Defendant now moves for an award of attorneys' fees in the amount of $29,451.90.

<u>Discussion</u>

In a diversity action such as this one, state law governs the question of attorneys' fees. <u>Canada Life Assur. Co. v. LaPeter</u>, 563 F.3d 837, 847 (9th Cir. 2009).  In Alaska, Rule 82 governs the award of attorneys' fees and provides that attorneys' fees "shall" be awarded to the "prevailing party." Ak. Civ. R. 82(a).  There is no dispute that defendant is the prevailing party.

Rule 82(b)(2) provides, in relevant part, that "[i]n cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred[.]" Defendant has offered evidence that it incurred $98,173 in attorneys' fees in its defense of this matter.[6]  Thirty percent of $98,173 is $29,451.90.

---

[3]Docket No. 134.

[4]Docket No. 135.

[5]Docket No. 141.

[6]Affidavit of Kimberlee A. Colbo and exhibits thereto, Docket No. 138

The court

> may vary an attorney's fee award calculated under [Rule 82(b)(2)] if, upon consideration of the factors listed below, the court determines a variation is warranted:
>
> (A) the complexity of the litigation;
>
> (B) the length of trial;
>
> (C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
>
> (D) the reasonableness of the number of attorneys used;
>
> (E) the attorneys' efforts to minimize fees;
>
> (F) the reasonableness of the claims and defenses pursued by each side;
>
> (G) vexatious or bad faith conduct;
>
> (H) the relationship between the amount of work performed and the significance of the matters at stake;
>
> (I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
>
> (J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and
>
> (K) other equitable factors deemed relevant.

Ak. Civ. R. 82(b)(3).

Plaintiff requests that the court limit or deny defendant's request for attorneys' fees. First, plaintiff points out that AS 21.96.020(f)(1) provides that "[a]n automobile liability insurance policy must provide ... that all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration or mediation shall be paid as determined by the arbitrator[.]" Plaintiff contends that this means that if the dispute as to her UIM claim had been arbitrated, rather than tried, she would not have been liable for attorneys' fees. She further contends that the only reason the dispute as to her UIM claim could not be arbitrated is because defendant circumvented AS 21.96.020(f)(1) by deleting arbitration language in its Alaska policies. Plaintiff seems to be arguing that it would be inequitable for her to be liable for attorneys' fees simply because defendant changed its policies as regards arbitration of UIM claims.

This argument is meritless. While plaintiff is correct that she would not be liable for attorneys' fees if the dispute as to her UIM claim had been arbitrated, there is no statutory requirement that UIM claims be resolved by arbitration. Defendant was not required to include an arbitration provision in plaintiff's policy. Moreover, if plaintiff wanted to challenge the dispute resolution provision in her policy, the time to do so was long before now.

Secondly, plaintiff argues that it would defeat her reasonable expectations of her insurance policy if she were to be held liable for attorneys' fees. "[B]ecause an insurance policy is a contract of adhesion, [the court] construe[s] it to give effect to the insured's

reasonable expectations." <u>C.P. ex rel. M.L. v. Allstate Ins. Co.</u>, 996 P.2d 1216, 1222 (Alaska 2000). Plaintiff's policy provides that if there is a dispute over UIM coverage, then the insured can file a lawsuit in order to resolve the dispute.[7] Plaintiff contends that because the provision does not state that defendant will seek attorneys' fees if an insured follows its instructions and files a lawsuit, she did not reasonably expect that defendant would seek attorneys' fees.

"To determine the parties' reasonable expectations, the court examines (1) the language of the disputed policy provisions; (2) the language of other provisions in the same policy; (3) extrinsic evidence; and (4) case law interpreting similar provisions." <u>West v. Umialik Ins. Co.</u>, 8 P.3d 1135, 1138 (Alaska 2000). While plaintiff is correct that the policy is silent as to attorneys' fees if the insured files a lawsuit, a lay person in Alaska would have reasonably expected that there would be attorneys' fees involved if a lawsuit were filed and that defendant might seek to recover such fees if it prevailed in the lawsuit. Moreover, as defendant points out, plaintiff was represented and surely her lawyer told her that she might be liable for attorneys' fees if she proceeded with this case and was not successful.

Finally, to the extent that plaintiff may be suggesting that the requested fee award may be so onerous that it would dissuade other policyholders from filing UIM lawsuits, defendant reminds plaintiff that it was she who opposed bifurcating discovery. Defendant moved to

---

[7]Exhibit 1 at 3-4, Plaintiff's Opposition to Motion for Award of Attorneys' Fees, Docket No. 142.

sever and stay the bad faith claims pending the resolution of plaintiff's UIM claim.[8]  Plaintiff opposed this motion[9] and the court denied the motion as to discovery.[10]  As a result, defendant's attorneys' fees were substantially higher than they would have been if plaintiff had agreed to bifurcate discovery, primarily because plaintiff filed three motions to compel related to discovery on her bad faith claims.[11]

## Conclusion

Based on the foregoing, the court concludes that there is no basis for limiting or denying defendant's request for Rule 82(b)(2) attorneys' fees.  Defendant's motion for award of attorneys' fees[12] is granted and defendant is awarded $29,451.90 in attorneys' fees.  The court's judgment shall be amended accordingly.

DATED at Anchorage, Alaska, this 1st day of March, 2018.

/s/ H. Russel Holland
United States District Judge

---

[8]Docket No. 16.

[9]Docket No. 19.

[10]Docket No. 26.

[11]Docket Nos. 27, 44, and 62.

[12]Docket No. 137.